[Crim. No. 6029.   Second Dist., Div. Three.   Mar. 3, 1958.]

THE PEOPLE, Respondent, v. HENRY C. RAMOS, Appellant.

James S. Fitzpatrick for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was convicted of having on January 18 and 19, 1957, sold marijuana to John Jensen, a minor 17 years of age.   On stipulation the cause was submitted on the transcript of the preliminary examination, each side reserving the right to produce additional evidence.   Defendant

appeals from the judgment and the order denying his motion for a new trial.

On December 1, 1956, Jensen was introduced to defendant by a mutual acquaintance. Defendant sold Jensen a half pound of a plant-like substance which was represented to be marijuana for which Jensen paid him $35. The substance was brownish in color and contained stems, seeds, and leaves. Jensen made and smoked about 150 cigarettes from the half pound. On January 18, 1957, Jensen telephoned defendant and told him he "wanted to score" and needed a pound. Defendant had half a pound which he sold to Jensen for $35. The substance was similar in appearance to that purchased by Jensen on December 1, 1956, and contained the same materials. Jensen made and helped smoke about 65 cigarettes from this half pound. On January 19, 1957, defendant sold Jensen "a quantity of merchandise" for $60. This was a better substance than those purchased previously; it did not contain as many stems or seeds and had more leaves. Jensen smoked about 85 cigarettes from this purchase.

On each occasion that Jensen smoked the substance he purchased from defendant he had a dry throat, hunger pains, lightheadedness, slower reactions, and unusual sound perceptions. He had smoked marijuana prior to the first purchase from defendant and had received the same effects as he received from the substances purchased from defendant. There was evidence that the effects Jensen received could only have been caused by marijuana; that it would not be possible to combine and obtain these effects from any drug except marijuana.

On cross-examination Jensen was asked how long it took him to smoke the 150 cigarettes he made out of the first purchase on December 1, 1956. He replied that it took him that week and the following week. He said he "went to 150 cigarettes in two weeks instead of every week end" because he had the quantity there; he had never had that quantity before. The following then occurred: "Q. What did you do with the balance of it? A. I won't say. MR. MARKS [attorney for defendant] : Well, your Honor. THE COURT: Not necessary. It is immaterial. MR. MARKS: Well, this is sort of a half and half. The defendant [sic] is testifying the things which might incriminate him, and when asked a further question—— THE COURT: Neither goes to prove nor disprove any of the issues in this case." Defendant asserts the court erred in not compelling Jensen to answer. ▮ Defendant was not

prejudiced by the refusal of the court to compel Jensen to testify with respect to what he did with the balance of the marijuana he purchased on December 1, 1956, since he was acquitted of having sold it to Jensen on that date; it had no bearing on the question whether defendant had sold marijuana on January 18 and 19, 1957. Further, defendant's counsel did not make an offer of proof or in any way enlighten the court as to the purpose of the question. He now says it was for the purpose of attacking Jensen's credibility. If so, he should have so advised the trial court.

As stated, the cause was submitted on the testimony taken at the preliminary examination, each side reserving the right to produce additional evidence. The cause was thus submitted on April 3, 1957, and at that time was continued to April 30, 1957. On April 30, at the request of defendant, the cause was continued to May 10, 1957. On May 10, again at the request of defendant, the cause was continued to May 17. Again on May 17, at the request of defendant, the cause was continued to May 29. On May 29 two witnesses called by defendant and defendant testified. At the conclusion of defendant's testimony his counsel said he thought the ''Court ought to have the opportunity of observing this juvenile [Jensen], who said he made a buy off of the defendant.'' The following then occurred: ''THE COURT: Why drag these things along? This case has been pending—— MR. UMANN [attorney for defendant] : They didn't bring him back. THE COURT: They would have brought him back if you had requested him at any time. MR. UMANN: I assumed they were going to bring him back. I didn't anticipate he would not be here, so the Court could study him. . . . MR. UMANN: I inquired, and I was told he wasn't here. THE COURT: I have no way of knowing whether he was brought here or not. MR. UMANN: I would like to have him here. I think in view of the aggravated nature of the charge, he should be here for the Court to see. THE COURT: Well, I don't think I should be called upon to continue the case again. MR. UMANN: Perhaps we can get him here this afternoon. We have no way of knowing where he is. THE COURT: I don't know whether the People know where he is. MR. PACHTMAN: As far as we know, I don't know where he is right offhand. MR. UMANN: I think he should be here.'' The court declined to continue the cause.

Defendant asserts the court erred in not ordering the production of Jensen. There was no error. Defendant made no effort to produce Jensen between April 3 and May 29,

1957, but "assumed they [the prosecution] were going to bring him back." He had no right to so assume. Having waived the right to further cross-examine Jensen by submitting the cause on the preliminary transcript and having failed to make any effort to secure his attendance at the trial, defendant may not complain.

The judgment and the order denying a new trial are affirmed.

Shinn, P. J., and Patrosso, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.